IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN,

                Plaintiff,

v.

REED CORNIA, DAVE MAHONEY,
and JOHN DOE WARDEN OF GREEN BAY
CORRECTIONAL,

                Defendants.

ORDER

20-cv-648-jdp

---

    Plaintiff Timothy Coleman, appearing pro se, alleges that county and state officials and his lawyer failed to prevent him from serving more incarceration time than he was sentenced to. The only federal claim in this case is an Eighth Amendment claim against the John Doe warden of Green Bay Correctional Institution, but Coleman has not identified the Doe defendant.

    According to counsel for defendant DOC Secretary Kevin A. Carr, who I added to the case as a nominal defendant for the purpose of identifying the Doe defendant, Coleman has not attempted to use discovery to identify the warden using the procedures explained by Magistrate Judge Stephen Crocker at the preliminary pretrial conference held at the outset of the case. Carr has filed a motion to dismiss the case for Coleman's failure to prosecute the case and for failing to comply with the court's order explaining the Doe-identification process to Coleman. Dkt. 29. Carr has also filed a motion for summary judgment based on Coleman's failure to exhaust his administrative remedies on his claim against the Doe warden. Dkt. 23. Coleman has not responded to that motion either.

The communications the court has received from Coleman have mostly been through his mother, who has submitted documents seeking discovery (although not the Doe-identifying information necessary at this point of the case) and asking for the court's assistance in recruiting counsel. Dkt. 31 and Dkt. 34. In those submissions, Coleman's mother states that Coleman dictated those submissions to her over the phone, from Mendota Mental Health Institute. The clerk of court sent those documents directly to Coleman for his signature, and the court has received one of those documents back with Coleman's signature. Dkt. 33. The clerk of court also informs me that Coleman's mother has called the court more than once to state that Coleman's mental health problems are preventing him from litigating the case and to request that the court recruit counsel for him and extend his pending deadlines.

It is important that Coleman and his mother understand that she cannot represent him in this case. Federal Rule of Civil Procedure 11 requires that Coleman himself sign each submission made to the court. And this court cannot respond to requests made by telephone. Given the status of this case and the filings that the court has received so far, I am not yet convinced that Coleman will be unable to litigate it himself. People housed at Mendota Mental Health Institute have adequately litigated cases in this court before, and if Coleman is capable of dictating motions to his mother, he should be able to prepare them in writing himself.

Coleman's main task right now is to identify the John Doe Green Bay Correctional Institution warden. Coleman has already successfully identified two of the Doe defendants in his other pending case before me. Dkt. 18 in No. 20-cv-647-jdp. And Carr may have already identified the warden here with his summary judgment filings: S. Eckstein was GBCI warden when Coleman filed inmate grievances in 2017 and 2018 about prison staff's handling of his release date. *See* attachments to Dkt. 25. If Eckstein is the correct defendant, then Coleman

2

should write to the court confirming that. If Coleman believes that the correct identity of the warden is someone who preceded or followed Eckstein in that job, he should send an interrogatory to Carr asking him for the name of the warden who served at the time at issue. I will give Coleman a short time to finish this task.

Coleman's other pressing task is to respond to the state's motion for summary judgment on exhaustion grounds. Coleman has litigated this type of motion before, *see* Nos. 13-cv-565-bbc and 16-cv-466-jdp. I will set a final deadline for Coleman to submit his response. I will direct the clerk of court to send Coleman another copy of the exhaustion-based summary judgment motion and supporting materials. If Coleman fails to meet his new deadlines or show good cause for his failure to do so, I will consider dismissing the case.

In light of the upcoming dispositive motions deadline, defendant Carr has filed a motion to vacate the entire remaining schedule. Dkt. 36. I will grant that motion, but only in part. I will extend the dispositive motions deadline to November 17, 2021, and the rest of the schedule will remain in place.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Coleman's motion for the court's assistance in recruiting him counsel, Dkt. 34, is DENIED without prejudice.

2. Plaintiff may have until September 3, 2021, to submit the identity of the Doe defendant.

3. Plaintiff may have until September 3, 2021, to respond to defendant Carr's motion for summary judgment on exhaustion grounds.

4. Defendant Carr's motion to vacate the schedule, Dkt. 36, is GRANTED in part. The schedule is amended as discussed in the opinion above.

5. The clerk of court is directed to send plaintiff another copy of Carr's summary judgment motion and supporting materials.

Entered August 13, 2021.

             BY THE COURT:

             /s/

             _____
             JAMES D. PETERSON
             District Judge