IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN,

                          Plaintiff,

     v.                                                  OPINION and ORDER

REED CORNIA, DAVE MAHONEY,
and JOHN DOE WARDEN OF GREEN BAY                20-cv-648-jdp
CORRECTIONAL,

                        Defendants.

---

Plaintiff Timothy Coleman, appearing pro se, alleges that county and state officials and his lawyer failed to prevent him from serving more incarceration time than he was sentenced to. This order addresses several matters pending before the court.

**A. Identification of Doe defendant**

The only federal-law claim in this case is an Eighth Amendment claim against the John Doe warden of Green Bay Correctional Institution, but Coleman did not identify the Doe defendant by the initial deadline set by the court. In response to nominal defendant DOC Secretary Kevin A. Carr's motion to dismiss the Eighth Amendment claim, I gave Coleman a final chance to identify the Doe defendant. Dkt. 37. In doing so, I noted that Carr appeared to have identified the warden himself in his motion for summary judgment on exhaustion grounds: S. Eckstein was GBCI warden when Coleman filed inmate grievances in 2017 and 2018 about prison staff's handling of his release date. *Id.* at 2–3 (citing attachments to Dkt. 25). Coleman has responded, stating that he identified the Doe defendant as Scott Eckstein. Dkt. 39. I will direct the clerk of court to amend the caption to substitute Eckstein and I will deny Carr's motion to dismiss on the ground that the warden is unnamed.

**B. Motion for summary judgment on exhaustion grounds**

Also in my previous order I gave Coleman a final chance to respond to Carr's motion for summary judgment on exhaustion grounds. Dkt. 37, at 3.

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court about prison conditions. 42 U.S.C. § 1997e(a). To comply with § 1997e(a), a prisoner must take each step in the administrative process, *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002), which includes following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005), as well as filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284–85 (7th Cir. 2005), "in the place, and at the time, the prison's administrative rules require," *Pozo*, 286 F.3d at 1025. To exhaust administrative remedies in Wisconsin, inmates must follow the inmate complaint review process set forth in Wisconsin Administrative Code Chapter DOC 310. The purpose of these requirements is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88–89 (2006). Failure to exhaust administrative remedies under § 1997e(a) is an affirmative defense that must be proven by the defendant. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018).

The state, through nominal defendant Carr, argues that no matter the identity of the Doe defendant, Coleman failed to exhaust his administrative remedies on his claim that the warden refused to credit him with sentence time that he was awarded during revocation proceedings, even after he made the warden aware of the problem.

Carr produces three of Coleman's grievances in which Coleman complained that records office staff wouldn't acknowledge his sentence credit, that they wouldn't acknowledge that he completed his sentence, and that they extended his release date by six days. *See* Dkt. 25-2;

Dkt. 25-3; Dkt. 25-4. Coleman fully exhausted two of the grievances and failed to appeal one of them. For each of these grievances, Warden Eckstein was the reviewing authority who adopted the institution complaint examiner's recommendation to dismiss the grievance. *See* Dkt. 25-2, at 3; Dkt. 25-3, at 3; Dkt. 25-4, at 3.

It appears from the grievance materials that Eckstein's only involvement in the alleged sentence miscalculation was his role in dismissing Coleman's grievances. Carr argues that Eckstein's role as a grievance examiner cannot be the basis for a constitutional claim, citing *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). This is really an argument about the substance of Coleman's claims, more suited to a motion to dismiss than an exhaustion-based motion for summary judgment. In any event, this court has previously considered this type of argument and rejected it, because the ruling in *George* is limited to situations in which the grievance examiner considers a complaint about a completed act of misconduct; not situations like Coleman's involving ongoing harm that could have been rectified by the examiner. *See, e.g.*, *Key v. Mashak*, No. 15-cv-673-jdp, 2017 WL 2869954, at *7 (W.D. Wis. July 5, 2017); *Turner v. Hoechst*, No. 15-cv-23-jdp, 2016 WL 492323, at *2 (W.D. Wis. Feb. 5, 2016).

Carr makes a related argument that Eckstein's involvement as a grievance examiner is fatal to Coleman's claim for an exhaustion standpoint because Coleman did not file a grievance specifically about Eckstein's rulings. Rather, his grievances were all about records office staff's conduct, not Eckstein's conduct. But I've also rejected this theory of exhaustion before. *See Bradley v. Weber*, No. 20-cv-48-jdp, 2020 WL 6709848 (W.D. Wis. Nov. 16, 2020). In that case, I ruled that the plaintiff "was not required to file a second grievance about the rejection of her complaint to exhaust her claims against [the grievance examiners]." *Id.* at *3 (citing *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013) ("In order to exhaust their remedies,

3

prisoners need not file multiple, successive grievances raising the same issue . . . if the objectionable condition is continuing.")); *see also Smith v. Butler*, No. 17-cv-189-MJR-SCW, 2018 WL 1055712, at *5 (S.D. Ill. Feb. 5, 2018) (inmate not required to file separate grievance to bring claim against warden who reviewed previous grievance because "the underlying issues for which he claims she did nothing about have themselves been exhausted"). Here, Coleman's grievances about record office staff's failure to give him sentence credit was sufficient to exhaust his claim against Eckstein for later failing to fix the same problem. So I will deny Carr's motion for summary judgment on exhaustion grounds.

**C. Coleman's motion for summary judgment**

Coleman has submitted a motion for summary judgment on his state-law negligence claim against defendant Dave Mahoney, the former Dane County sheriff. Dkt. 55. Coleman's one-page motion doubles as a brief, but Coleman's filing does not comply with this court's procedures to be followed on summary judgment. Coleman does not provide a separate document containing numbered proposed findings of fact and he does not include evidence supporting his motion. I will deny his motion and attach to this order another copy of the court's summary judgment procedures, for Coleman to follow in opposing defendants' motions or in refiling his own motion.

**D. Defendant Eckstein's motion to modify schedule**

Defendant Eckstein has filed a motion to modify the schedule to extend the dispositive motions deadline pending resolution of the exhaustion motion and to accommodate counsel's and support staff's workload: counsel says that he has four federal trials scheduled from now to early November and that the paralegal assigned to the case will be unavailable the week of the current dispositive motions deadline, November 17. Dkt. 58. I will grant Eckstein's request

4

and extend the dispositive motions deadline to December 17, 2021. This extension will result in the parties' summary judgment motions not being fully briefed until shortly before the pretrial submission deadlines. I also note that it appears likely that Coleman's claims will not turn on disputed issues of material fact, but rather the legal implications of his various incarcerations pursuant to convictions, probation revocations, and other detentions. Therefore, I will strike the remaining pretrial deadlines and trial date, and I will reset those dates should a trial become necessary.

## ORDER

IT IS ORDERED that:

1. The clerk of court is directed to substitute Scott Eckstein for defendants Kevin A. Carr and John Doe warden of Green Bay Correctional Institution.

2. Defendant Carr's motion to dismiss, Dkt. 29, is DENIED.

3. Defendant Carr's motion for summary judgment on exhaustion grounds, Dkt. 23, is DENIED.

4. Plaintiff Timothy Coleman's motion for summary judgment, Dkt. 55, is DENIED without prejudice.

5. Defendant Eckstein's motion to modify the schedule, Dkt. 58, is GRANTED. The new dispositive motions deadline is December 17, 2021. The remainder of the schedule, including the trial date, is STRUCK.

Entered October 19, 2021.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge