IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TIMOTHY COLEMAN,

                Plaintiff,

v.                                                    OPINION and ORDER

REED CORNIA, DAVE MAHONEY,                           20-cv-648-jdp
and SCOTT ECKSTEIN,

                Defendants.

---

    Plaintiff Timothy Coleman, appearing pro se, alleges that he served more time in prison than he was sentenced to. He brings claims against the warden of the prison where he was incarcerated, the sheriff controlling the jail where he spent brief stints during the events in question, and a lawyer who was assigned to represent him in a revocation proceeding, contending that they each failed to help him with his unlawfully long confinement.

    Coleman has filed two motions for summary judgment, and each of the defendants has filed a cross-motion for summary judgment. Because the undisputed facts show that Coleman was not incarcerated beyond his sentence length, I will deny his motions for summary judgment, grant defendants' cross-motions, and dismiss the case.

## UNDISPUTED FACTS

    The following facts are drawn from the parties' proposed findings of fact and supporting evidence and are undisputed unless otherwise noted.

    Plaintiff Timothy Coleman is a former state of Wisconsin inmate. During the events of this case, Coleman spent time incarcerated at Green Bay Correction Institution and at the Dane County Jail. Defendant Scott Eckstein was warden of Green Bay Correctional Institution.

Defendant David Mahoney was the Dane County sheriff. Defendant Reed Cornia is a lawyer who was appointed to represent Coleman in a revocation proceeding.

This case involves Coleman's convictions in two criminal cases. On October 4, 2006, Coleman was found guilty at a jury trial of robbery with threat of force and disorderly conduct, and he also pleaded guilty to bail jumping. *See* Dane County Case No. 06CF1449. He was sentenced to two years of confinement and three years of extended supervision. I infer that Coleman did not immediately begin serving that sentence because it was consecutive to other sentences that he had previously received. In August 2013, Coleman's extended supervision was revoked and he was ordered to serve a re-confinement period of one year on the 2006 conviction.

In October 2013 Coleman was convicted of possession of narcotic drugs. *See* Dane County Case No. 2013CF1360. He received a 12-month jail sentence to be served consecutively to his time remaining on the 2006 conviction. Because Coleman was already in prison on the 2006 sentence, the judge ordered the 12-month jail sentence to also be served in the Wisconsin prison system.

Coleman say that he applied for parole at some point but was denied. Coleman was later released on extended supervision on February 24, 2015, having served just short of two-thirds of the 12-month sentence in the 2013 case. At the time that Coleman was released, he had two years and one day remaining on his 2006 sentence and four months and eight days remaining on his 2013 sentence.

Coleman was taken into custody on May 2, 2016. In June 2016, a revocation order and warrant was issued for Coleman for violating the terms of his extended supervision. That

document noted that Coleman had served 191 days in jail in 2015 and 2016 as sanctions or on probation or parole holds.

Coleman waived a hearing on this revocation. Defendant Cornia was later assigned to represent Coleman after another attorney withdrew. Cornia states that this assignment was in error because Coleman had already waived his revocation hearing, so there were no proceedings in which he could represent Coleman. Coleman says that Cornia did not help him with his revocation or challenge the way that the DOC imposed his 12-month jail sentence in the 2013 case. In September 2016, Coleman was revoked and ordered reincarcerated for the entire remainder of his 2006 and 2013 consecutive sentences—totaling two years, four months, and one day.

During his reincarceration, Coleman filed grievances alleging that prison records office staff wouldn't acknowledge sentence credit that he had received during revocation proceedings and that they wouldn't acknowledge that he had completed his sentence. For each of these grievances, defendant Warden Eckstein was the reviewing authority who adopted the institution complaint examiner's recommendation to dismiss the grievance.

Coleman also sought relief from the courts that convicted him. In October 2016, Coleman filed a motion for sentence credit in the 2006 case, but that motion was denied. In September 2017, Coleman filed a petition for a sentence adjustment on his 2013 conviction. The circuit court denied that petition, with Judge Josann Reynolds stating that his sentence in that case "is a 12 month jail sentence, not a bifurcated sentence and thus is not appropriate for adjustment." Dkt. 94-2, at 14. Coleman appealed that ruling, and the court of appeals affirmed the decision. *State v. Coleman*, No. 2017AP2271-CR, 2018 WL 11430762 (Wis. Ct. App. Dec. 20, 2018).

Coleman was ultimately released on February 28, 2018. Coleman believes that his sentence was finished earlier than that.

I will discuss additional facts as they become relevant to the analysis.

ANALYSIS

Coleman alleges that defendants each failed to prevent Coleman from serving more prison time on his 2013 conviction than his sentence allowed. I granted Coleman leave to proceed on an Eighth Amendment claim against defendant Warden Eckstein, a negligence claim against Sherriff Mahoney, and a legal malpractice claim against Attorney Cornia.

Defendants raise various arguments in their respective motions for summary judgment. The only issue I need consider is whether Coleman actually served more time than he was legally required to serve. The undisputed facts show that Coleman did not serve extra time, so defendants are entitled to summary judgment on all of Coleman's claims.

Coleman contends that his period of incarceration was unlawfully extended in three ways. First, he contends that state officials incorrectly forced him to be on parole after two-thirds of his sentence was complete. If what Coleman means is that he was entitled to full release after two-thirds of his sentence instead of release to parole, he is incorrect. He was entitled to mandatory release at two-thirds of his sentence, but an inmate released at that point is still on parole for the remainder of his sentence. Wis. Stat. § 302.11(1), (6). When a parolee is revoked, he can be returned to prison for the remainder of his sentence. Section 302.11(7)(am).

Second, Coleman contends that DOC staff should have treated his 2013 sentence as one under which he was entitled to accrue good-time credit of 25 percent of the sentence,

which in this case would have been three months of credit that he did not receive. Coleman argues that "all county jail sentence[s] are entitled to good time credit." Dkt. 70, at 2.

Coleman is correct that his 2013 sentence was for 12 months of jail time and that generally, "[e]very inmate of a county jail is eligible to earn good time in the amount of one-fourth of his or her term for good behavior." Wis. Stat. § 302.43. But Coleman wasn't sent to jail for his 2013 conviction. Because he was also serving his prison sentence in the 2006 case, the court ordered his 2013 jail sentence to be served in the Wisconsin prison system, under Wis. Stat. § 973.03(2) ("A defendant sentenced to the Wisconsin state prisons and to a county jail or house of correction for separate crimes shall serve all sentences whether concurrent or consecutive in the state prisons."). Under such circumstances, a prison inmate is not entitled to the good time that would ordinarily apply to a jail sentence. *State v. Harris*, 2011 WI App 130, ¶ 10, 337 Wis. 2d 222, 229, 805 N.W.2d 386, 390. The Wisconsin Court of Appeals recently rejected the same argument in an appeal that Coleman filed regarding prison time he served on convictions postdating the events at issue here. *State v. Coleman*, No. 2022AP1001-CRNM, 2022 WL 3753779, at *3 (Wis. Ct. App. Aug. 30, 2022) ("because Coleman served his jail sentences in prison, and not while he was an 'inmate of a county jail,' he was not eligible to earn 'good time' credit").

Coleman states that in conjunction with his motion for sentence adjustment, Judge Reynolds informed the DOC that it had unlawfully treated his 2013 sentence as an indeterminate one when it should have been treated as a determinate, bifurcated sentence subject to either good-time or sentence-adjustment rules. But Coleman provides no evidence supporting his assertion that Judge Reynolds called his sentence structure unlawful. To the contrary, Judge Reynolds explicitly denied Coleman's request for sentence adjustment, stating

that it did not qualify for adjustment because it was "a 12 month jail sentence, not a bifurcated sentence." Dkt. 94-2, at 14. Coleman appealed and lost. *Coleman*, No. 2017AP2271-CR, 2018 WL 11430762, at *1 ("Because the twelve-month jail sentence was not imposed as a bifurcated sentence under WIS. STAT. § 973.01(1), it is not eligible for sentence adjustment."). Coleman doesn't identify any flaw in his 2013 sentence structure that deprived him of sentence credit or adjustment.

Third, Coleman contends that when he was revoked on both the 2006 and 2013 convictions, an order was issued giving him enough credit to complete his sentence, yet defendants failed to help him get released. At summary judgment, Coleman identifies this order as the June 2016 revocation order and warrant stating that Coleman was due 191 days of jail credit for prior short periods of incarceration. *See* Dkt. 94-2, at 21.

That credit is indeed more than the four months and eight days that Coleman had remaining on the 2013 conviction. But Coleman is incorrect about how much total time he had left to serve at that point because was not revoked on only his 2013 conviction. He was also revoked on his 2006 conviction with a sentence consecutive to the 2013 case. The calculations submitted by defendant Eckstein show that staff did apply the 191 days of jail credit to the consecutive periods of reincarceration he was assessed in the revocation proceedings. *See* Dkt. 94-2, at 1 (DOC computation applying credit to his sentence). His total revocation sentence was 2 years, 4 months, and 9 days, running from the date he was taken into custody before revocation, May 2, 2016, which would have put his release date without credit at September 11, 2018. But Coleman was released on February 28, 2018, 195 days before then, indicating that he received the credit that he was due.[1]

---

[1] Defendant Eckstein states that Coleman was released from DOC custody two days earlier

6

Because the undisputed facts show that Coleman did not serve any more time in confinement than he was sentenced to, all of his claims fail. I will deny his motions for summary judgment, grant defendants' cross-motions for summary judgment, and close the case.

ORDER

IT IS ORDERED that:

1. Plaintiff Timothy Coleman's motions for summary judgment, Dkts. 69 and 96, are DENIED.

2. Defendants' motions for summary judgment, Dkt. 49; Dkt. 59; Dkt. 91, are GRANTED.

3. The clerk of court is directed to enter judgment for defendants and close this case.

Entered September 12, 2022.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

than the date originally calculated by staff, implying that they ultimately gave him 193 days of credit. But whether Coleman received 191, 193, or 195 days of credit is irrelevant to Coleman's claims; any discrepancy was in his favor.